Curia, per
Butler, J.;
Tlie instances are rare in which there is a difference of decision between the English courts and our own, in relation to the rights of parties under maritime contracts. Such contracts may well be supposed to be made in reference to a, common system-of laws-, having the character of an international jurisprudence. It cannot be supposed that the mode and means of redress will preserve the same uniformity, particularly as it regards the rules of evidence and the form of remedy. The question now before the court, is one of evidence, and was ruled'by the circuit Judge in conformity with the current of English decisions for the last forty-years. Some of the older authorities of Great Britain would seem to favor the notion that the protest of the master might, under proper restrictions, be competent evidence. The question seems to have been settled otherwise, in the cases reported in' 2 Esp.,'489 and 7 T. R., 159.
In Pennsylvania, protests of masters, and seamen have been regarded as competent evidence, when made at the next port of arrival after the catastrophe has happened ; and our own authorities are' to the same effect. In tbecase of Campbell vs. Williamson, 2 Bay, 237, it was held that the protest of the captain and mariners is good evidence of the tempestuous weather, which, compelled the vessel to bear away and deviate from her true • course.- Again, the question came up in the case of Church vs. Teasdale, 1 Brev. Rep., 255, in which the plaintiff introduced a protest made by himself and the other mariners of the vessel, to support his action on a policy of insurance ; and the court said that protests are admissible in evidence, and that the degree of credit to which they are entitled must be left to the jury; and further, that such, evidence had been uniformly admitted. Some of my brethren say, that evidence of the same kind has been received by them without objection; which indicates an acquiescence, at least, in the authority of our own adjudications on the subject. The mischief to be apprehended from that kind of evidence* *276 must be guarded against, and in general will be prevented by the caution and intelligence of the tribunal before which it is offered. All the restrictions to which' it is .subject should be rigorously imposed. ■
Perhaps if it were an open question, we would prefer the English rule. But experience'has satisfied us that it is wise to adhere to and maintain the authority of our own decisions; and we should avoid manifesting any disposition to open the discussion of settled questions, as it might be a dangerous source of speculative litigation.
Motion granted.
Richardson, O’Neall,- and Evans, JJ., concurred.— Ward law, J., dissented.